UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL K. KELLNER, JR.,

                Plaintiff,

   v.                                        **DECISION AND ORDER**
                                                17-CV-947S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Plaintiff Paul K. Kellner, Jr., is a prevailing party in this social security benefits action. Presently before this Court is Plaintiff's counsel's timely Motion for Attorney Fees under 42 U.S.C. § 406 (b)(1)(A).[1] (Docket No. 26.) Defendant does not oppose the motion. (Docket No. 28.)

Forty-two U.S.C. § 406 (b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

---

1 The United States Court of Appeals for the Second Circuit recently clarified that § 406 (b) motions must be filed within 14 days after the claimant receives notice of the Commissioner's favorable award on remand, consistent with Rule 54 (d)(2)(B) of the Federal Rules of Civil Procedure and equitable tolling principles. See Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019). Plaintiff presumably received his notice of favorable award three days after its issue date of May 1, 2020, id. at n. 5, making Plaintiff's counsel's May 15, 2020 motion timely.

Plaintiff was awarded $60,708 in past-due benefits by letter dated May 1, 2020. (Affirmation of Lewis L. Schwartz, Docket No. 26-1 at p. 1; 26-4 at p. 2.)  Plaintiff's counsel seeks $15,177 in attorney's fees, consistent with the contingent-fee agreement that provides for attorney fees not to exceed 25% of any recovery.  (Docket No. 26-2 at pp.1-2.)

Having thoroughly reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  See Gisbrecht v. Barnhart, 535 U.S. 789, 808, 1122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  Moreover, there is no indication that this fee is a windfall.  Id.  Plaintiff's counsel's $15,177 fee request is therefore granted under 42 U.S.C. § 406 (b)(1)(A).

By stipulation approved and ordered on July 3, 2018, this Court previously awarded Plaintiff's counsel $8,000 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d).  (Docket No. 24, 25.)  This was reduced to $5,922.88 due to an outstanding debt owed by Plaintiff. (Docket No. 26-1 at p. 3.) Because the fee granted herein exceeds the EAJA fee, Plaintiff's counsel must refund the EAJA fee to Plaintiff. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988).

IT HEREBY IS ORDERED, that counsel's Motion for Attorney Fees in the amount of $15,177 under 42 U.S.C. § 406 (b)(1)(A) (Docket No. 26) is GRANTED.

FURTHER, that Plaintiff's counsel is directed to refund to Plaintiff the $5,922.88 EAJA award within 14 days after receiving his § 406 (b) award.

SO ORDERED.

Dated: June 23, 2020
Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
